# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2013

No. 12-60203
Summary Calendar

Lyle W. Cayce
Clerk

VENILTON DA SILVA-MOREIRA; SIMONE DA SILVA-ALVEZ,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 904 509
BIA No. A097 904 510

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Venilton Da Silva-Moreira and Simone Da Silva-Alvez (referred to collectively as the Da Silvas), a married couple both of whom are natives and citizens of Brazil, petition this court for review of an order from the Board of Immigration Appeals (BIA) denying their joint motion to reopen their removal proceedings and to reconsider its denial of their first motion for reconsideration. The BIA denied their motion to reopen and to reconsider on the grounds that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Da Silvas could not file a second motion for reconsideration and failed to show any basis for reopening the proceedings.

Before this court, the Da Silvas argue that they never received the hearing notice, despite their due diligence, and that they should be permitted to pursue any available forms of relief from removal. They also assert that their first motion for reconsideration was improperly denied as untimely. We review the denial of a motion to reopen or a motion to reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

As held by the BIA, an alien may not file more than one motion for reconsideration and may not seek reconsideration of the denial of a prior motion for reconsideration. *See* 8 C.F.R. § 1003.2(b)(2). Moreover, the Da Silvas did not present any new facts or evidence supporting their motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1). The BIA therefore did not abuse its discretion by denying their motion to reopen and to reconsider.

Accordingly, their petitions for review are DENIED.